IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

_____

No. 96-30618
_____


RENOALD MUSE,

                                        Petitioner-Appellant,

versus

BURL CAIN, Warden; RICHARD IEYOUB,
Attorney General, State of Louisiana,

                                        Respondents-Appellees.

----------------------
Appeal from the United States District Court
for the Eastern District of Louisiana
USDC No. 95-CV-4030-C-6
----------------------
November 14, 1996
Before SMITH, DUHE' and BARKSDALE, Circuit Judges.

PER CURIAM:[*]

     The district court granted Renoald Muse, Louisiana inmate #1222218, a certificate of appealability (COA) on one issue, whether the 99-year prison sentence, without benefit of parole, was proportional under the Eighth Amendment to the offense of conviction. Even if the district court has the authority under 28 U.S.C. § 2253 to issue a COA, we conclude that the issue, in light of the argument presented on appeal, is frivolous for essentially the same reasons adopted by the district court in

_____

     [*] Pursuant to Local Rule 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in Local Rule 47.5.4.

denying relief.  See 5th Cir. R. 42.2.

If this court were to hold that the district court lacks the authority to grant a COA, the notice of appeal filed by Muse would be construed as a request for the issuance of a COA on both habeas claims presented in his habeas petition:  1) a Brady[**] violation by the prosecution's failure to disclose before trial that one robbery victim failed to identify her assailant from a photo array and 2) an Eighth Amendment violation premised on an excessive sentence.  See Fed. R. App. P. 22(b).  Because Muse fails to make a substantial showing of the denial of a constitutional right, see § 2253(c)(2), IT IS ORDERED that COA is DENIED.

APPEAL DISMISSED.  COA DENIED.

---

[**]  Brady v. Maryland, 373 U.S. 83 (1963).